UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARGARET WHITEHEAD, #424534,

    Petitioner,

v.                                CASE NO. 2:15-CV-14456
                                  HONORABLE ARTHUR J. TARNOW

ANTHONY STEWART,

    Respondent.
_____/

## OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

      The Court has before it Michigan prisoner Margaret Whitehead's *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  Petitioner did not pay the required $5.00 filing fee when she instituted this action, nor did she submit an application to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1914(a); 28 U.S.C. § 1915; Rule 3 of the Rules Governing § 2254 Cases.  The Court, therefore, issued a deficiency order on January 1, 2016 requiring Petitioner to either pay the filing fee or submit a properly completed *in forma pauperis* application.  The order provided that if she did not do so within 21 days, her case would be dismissed.  The time for submitting the filing fee or required information has elapsed and Petitioner has failed to correct the deficiency.

      Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.  The Court makes no determination as to the merits of the petition.

This case is **CLOSED**. Should Petitioner wish to seek federal habeas relief, she may submit a new habeas petition with payment of the filing fee or an *in forma pauperis* application.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a federal court denies relief on procedural grounds without addressing the merits of a habeas petition, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  Reasonable jurists could not debate the correctness of the Court's procedural ruling.  Accordingly, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: February 8, 2016

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on February 8, 2016, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant