UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARGARET WHITEHEAD, #424534,

    Petitioner,

v.

CASE NO. 2:15-CV-14456
HONORABLE ARTHUR J. TARNOW

ANTHONY STEWART,

    Respondent.
                                    /

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE
THE PETITION FOR A WRIT OF HABEAS CORPUS,
DENYING A CERTIFICATE OF APPEALABILITY AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

### I. INTRODUCTION

Michigan prisoner Margaret Whitehead ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging her 2015 parole revocation proceedings. Having reviewed the matter, the Court finds that Petitioner has not exhausted her habeas claims in the state courts before seeking review in federal court. Accordingly, the Court shall dismiss without prejudice the petition. The Court shall also deny a certificate of appealability and deny leave to proceed in forma pauperis on appeal.

### II. FACTS AND PROCEDURAL HISTORY

Petitioner challenges her 2015 parole revocation proceedings in her pleadings. The documents submitted by Petitioner indicated that she was criminally charged with

assault and battery, as well as five parole violations, arising from an incident that occurred in Grand Rapids, Michigan on April 8, 2015. In the criminal case, she pleaded guilty to a reduced charge of creating a disturbance and was sentenced to 16 days in the Kent County Jail. In the parole revocation case, she was found guilty on charges of engaging in assaultive behavior and consuming alcohol following a hearing, and the remaining charges were withdrawn or dismissed. She was returned to prison for 18 months. She has a parole reconsideration date in October, 2016. Petitioner does not indicate that she pursued any relief in the state courts.

Petitioner dated the instant habeas petition on December 15, 2015. The Court initially dismissed the case for failure to correct a filing fee/*in forma pauperis* deficiency. Petitioner subsequently moved to reopen the case and submitted documentation indicating that she attempted to pay the fee, as well as an application to proceed *in forma pauperis*. In response, the Court reopened this case and granted her request to proceed *in forma pauperis*. In her pleadings, she challenges her parole revocation proceedings and the revocation decision.

### III. DISCUSSION

A prisoner filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 must first exhaust state remedies. *See* 28 U.S.C. § 2254(b), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair

opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). This holds true for habeas petitions challenging state parole revocation decisions. *See Brewer v. Dahlberg*, 942 F.2d 328, 337-39 (6th Cir. 1991); *Wem v. Burt*, No. 5:09-CV-13754, 2011 Wl 825730, *1 (E.D. Mich. March 3, 2011); *Knuckles v. Bell*, No. 08-CV-10942, 2008 WL 1743494, *1 (E.D. Mich. April 14, 2008); *Swantak v. Romanowski*, No. 08-CV-10126, 2008 WL 186127, *1-2 (E.D. Mich. Jan. 18, 2008); *Simmons v. Michigan Dept. of Corrections Parole Bd.*, No. 2:07-CV-15442, 2008 WL 62459, *1 (E.D. Mich. Jan. 3, 2008).

To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have raised both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must be presented as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each claim must also be raised before the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990)). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust available state

remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987); *Wagner*, 581 F.3d at 415 (citing *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner fails to establish that she has exhausted her parole revocation claims in the state courts before proceeding in federal court on habeas review. Her pleadings do not reflect any attempt to exhaust state court remedies. Petitioner, however, has an available remedy by which to exhaust her parole revocation claims in the state courts. She may file a complaint for a writ of habeas corpus in the appropriate state circuit court, *see* Mich. Comp. Laws § 600.4301 et seq., Mich. Ct. R. 3.303; *Hinton v. Michigan Parole Bd.*, 148 Mich. App. 235, 383 N.W.2d 626 (1986); *Triplett v. Deputy Warden*, 142 Mich. App. 774, 371 N.W.2d 862 (1985); *see also Caley v. Hudson*, 759 F. Supp. 378, 380-81 (E.D. Mich. 1991). While the denial of such a writ is not appealable by right, the petition may be renewed by filing an original complaint for writ of habeas corpus with the Michigan Court of Appeals. *Id*. Denial of such a complaint by the Michigan Court of Appeals is subject to review by the Michigan Supreme Court. *See* Mich. Ct. R. 7.301. There is no time limit for filing a state habeas compliant as long as the prisoner is in

custody when the judgment becomes effective. *Triplett*, 142 Mich. App. at 779.[1]

Because Petitioner fails to demonstrate that she has exhausted available state court remedies before seeking federal habeas review, her parole revocation claims are premature and this case must be dismissed.

## IV. CONCLUSION

For the reasons stated, the Court concludes that Petitioner fails to establish that she has fully exhausted her parole revocation claims in the state courts before proceeding on federal habeas review. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court relief on procedural grounds without addressing the merits, a certificate of appealability

---

[1] The Michigan's Administrative Procedures Act, Mich. Comp. Laws § 24.201 *et seq.*, also provides an inmate whose parole has been revoked with the right to seek judicial review of the Parole Board's decision in the state circuit court. *See Penn v. Department of Corrections*, 100 Mich. App. 532, 298 N.W.2d 756 (1980). This must be done within 60 days of the parole revocation. The circuit court decision is appealable in the Michigan Court of Appeals and the Michigan Supreme Court. *See* Mich. Ct. R. 7.205, 7.302.

should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.

s/Arthur J. Tarnow
ARTHUR J. TARNOW
SENIOR UNITED STATES DISTRICT JUDGE

Dated: May 13, 2016